IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

JAMES HARLAN LYNN,                 )
                                   )
        Petitioner,                )
                                   )
v.                                 )          Case No. CIV-21-888-D
                                   )
S.R. GRANT,                        )
                                   )
        Respondent.                )

## ORDER

This matter comes before the Court for review of the Report and Recommendation

[Doc. No. 5] issued by United States Magistrate Judge Shon T. Erwin pursuant to 28 U.S.C.

§ 636(b)(1)(B) and (C). Petitioner, a federal prisoner proceeding *pro se*, filed a Petition for

Writ of Habeas Corpus under 28 U.S.C. § 2241 [Doc. No. 1]. Judge Erwin recommends

that the Petition be dismissed without prejudice for failure to pay the filing. Petitioner

timely filed an Objection [Doc. No. 6], and the Court must therefore make a de novo

determination of those portions of the Report to which a specific objection is made, and

may accept, modify, or reject the recommended decision in whole or in part. 28 U.S.C. §

636(b)(1); Fed R. Civ. P. 72(b)(3).

Petitioner's Objection explains that, in response to Judge Erwin's Order [Doc. No.

4] directing him to pay the filing fee by a certain date, he attempted to withdraw funds from

his account and provided prison officials with an addressed, stamped envelope to mail the

payment. Petitioner has also included a copy of his account statement showing a

withdrawal in the amount of the filing fee. *See* Objection, Exhibit D. Given this

information, Petitioner asks the Court to apply the prison mailbox rule and deem the filing fee paid.

The prison mailbox rule "holds that a *pro se* prisoner's notice of appeal will be considered timely if given to prison officials for mailing prior to the filing deadline, regardless of when the court itself receives the documents." *Price v. Philpot*, 420 F.3d 1158, 1163–64 (10th Cir. 2005). The Tenth Circuit has "extended this mailbox rule beyond the notice of appeal context" and has applied it to measure the timeliness of motions and complaints filed in certain cases. *Id.*

It is not, however, appropriate to apply the prison mailbox rule to the filing fee because the "filing fee requirement…is established by Congress as a prerequisite to a civil action and must be complied with, absent the granting of IFP status." *Jarrett v. US Sprint Commc'ns Co*., 22 F.3d 256, 261 (10th Cir. 1994); *see also* 28 U.S.C. § 1914. Applying the rule as Petitioner requests would effectively waive the filing fee requirement and the Court therefore declines to apply the rule in this context. However, considering the explanation provided by Petitioner, and cognizant that pro se prisoners "cannot take the steps other litigants can take to monitor the processing of their notices," *Houston v. Lack*, 487 U.S. 266, 270 (1988), the Court finds that Petitioner should be granted an additional thirty days in which to pay the filing fee.

**IT IS THEREFORE ORDERED** that Judge Erwin's Report and Recommendation [Doc. No. 5] is not adopted. **IT IS FURTHER ORDERED** that Petitioner shall pay the filing fee within thirty days of the date of this Order. Failure to pay the filing fee may result in dismissal of this action.

**IT IS SO ORDERED** this 10th day of November, 2021.

TIMOTHY D. DeGIUSTI
Chief United States District Judge